UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JEREMY LEE MORRIS,<br><br>    Plaintiff,<br><br> v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security[1],<br><br>    Defendant. | NO. CV-12-00137-JLQ<br><br>MEMORANDUM OPINION AND ORDER RE: MOTIONS FOR SUMMARY JUDGMENT |

BEFORE THE COURT are Cross-Motions for Summary Judgment. (ECF NO. 14 & 18). Plaintiff is represented by attorney **Jeffrey Schwab**. Defendant is represented by Assistant United States Attorney **Pamela J. DeRusha** and Special Assistant United States Attorney **Leisa A. Wolf**. This matter was previously before Magistrate Judge Imbrogno. It was reassigned to the undersigned for all further proceedings on July 19, 2013. The court has reviewed the administrative record and the parties' briefs. The case was submitted for decision without oral argument on July 22, 2013.

This court's role on review of the decision of the Administrative Law Judge (ALJ) is limited. The court reviews that decision to determine if it was supported by substantial evidence and contains a correct application of the law. *Valentine v.*

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Ms. Colvin is substituted for Michael Astrue as the Defendant in this suit. No further action need be taken to continue this matter by reason of the last sentence of 42 U.S.C. 405(g).

ORDER - 1

*Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). This court is obligated to affirm the ALJ's findings if they are supported by the evidence and the reasonable inferences to be drawn therefrom. *Molina v. Astrue*, 674 F.3d 1104, 1110-11 (9th Cir. 2012). Substantial evidence is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion.

## I. JURISDICTION

In July 2008, Plaintiff/Claimant Jeremy Morris, then 30 years of age, filed an application for supplemental security income (SSI) and disability insurance benefits(DIB) alleging a disability onset date of January 1, 2006. Plaintiff alleged at the time of application an inability to work due to substance abuse and depression. (ECF No. 11, p. 134). His application was denied initially and on reconsideration. After timely requesting a hearing, a hearing was scheduled before Administrative Law Judge Donna W. Shipps on July 10, 2010. (Transcript at ECF No. 11-2 pages 38-54). Plaintiff failed to appear for the hearing. The ALJ issued a decision denying benefits on July 16, 2010. (ECF No. 11-2, p. 19-33). Plaintiff filed a request for review with the Appeals Council, which was denied on January 25, 2012. The decision of the ALJ became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).

## II. SEQUENTIAL EVALUATION PROCESS

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if the impairments are of such severity that the claimant is not only unable to do his previous work but cannot, considering claimant's age, education and work experiences, engage in any other

ORDER - 2

substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987):

Step 1: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(b), 416.920(b). If he is, benefits are denied. If he is not, the decision maker proceeds to step two.

Step 2: Does the claimant have a medically severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step.

Step 3: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. Pt. 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Step 4: Does the impairment prevent the claimant from performing work she has performed in the past? 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant is able to perform his previous work, he is not disabled. If the claimant cannot perform this work, the inquiry proceeds to the fifth and final step.

Step 5: Is the claimant able to perform other work in the national economy in view of his age, education and work experience? 20 C.F.R. §§ 404.1520(f), 416.920(f).

The initial burden of proof rests upon the Plaintiff to establish a prima facie

ORDER - 3

case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). The initial burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. The burden then shifts to the Commissioner to show (1) that the claimant can perform other substantial gainful activity and (2) that a "significant number of jobs exist in the national economy" which claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

### III.  STANDARD OF REVIEW

"The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence and the [Commissioner] applied the proper legal standards." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989). This court may set aside a denial of benefits only if the basis for denial is not supported by substantial evidence or if it is based on legal error. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). It is the role of the trier of fact, not this court, to resolve conflicts in the evidence. *Richardson*, 402 U.S. at 400. If the evidence supports more than one rational interpretation, the court must uphold the decision of the ALJ. *Thomas*, 278 F.3d at 954 (9th Cir. 2002).

## IV.  STATEMENT OF FACTS

The facts are contained in the medical records, administrative transcript, and the ALJ's decision, and are only briefly summarized here.  At the time the ALJ issued her decision, Plaintiff was 32 years old.  Plaintiff has a high school education.  Plaintiff's primary work history was as a cook.  From approximately 1997 to 2004 he worked as a "fast food" cook.  In 2005, he did some work for a temporary employment agency.  Plaintiff alleged depression and admitted substance abuse.  He had previously used both meth and marijuana.  Plaintiff reported to medical providers that he had problems with depression since 2001, but the vast majority of the medical record in this case is from 2008 and later, despite the alleged on-set date of January 1, 2006.

## V.  COMMISSIONER'S FINDINGS

The ALJ found at **Step 1** that Plaintiff had not engaged in substantial gainful activity since January 1, 2006, the alleged onset date.  Plaintiff had very minimal earnings in the years 2006 to 2008, amounting to approximately $2,200.00 in total for the three years.

At **Step 2**, the ALJ found the medical evidence established the following severe impairments: depression, polysubstance abuse, and a learning disorder. (ECF No. 11, p. 22).

At **Step 3**, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d) and 416.920(d)).  Further, Plaintiff stipulated that he did not meet the Listings.

At **Step 4**, the ALJ concluded that Plaintiff had the residual functional capacity (RFC) to perform a full range of work at all exertional levels, with the nonexertional limitation that when using substances, Plaintiff did not have the mental RFC to work 40 hours per week on a regular and continuous basis. (ECF No. 11, p. 25).  The ALJ found Plaintiff could not perform his past relevant work

as a cook due to his substance abuse.

At **Step 5**, the ALJ concluded that considering all of Plaintiff's impairments, including his substance abuse disorder, there were no jobs which existed in significant numbers in the economy that claimant could perform. Therefore, upon completion of the initial five-step evaluation, the ALJ found Plaintiff to be disabled.

The ALJ then had to consider the effect of Plaintiff's substance abuse on the disability finding. The ALJ must consider whether the claimant would continue to be disabled if he or she stopped using drugs or alcohol; that is, the ALJ had to determine whether the drug and alcohol abuse (DAA) was "material" to the finding that claimant was disabled. The ALJ concluded that if Plaintiff stopped the substance use, his remaining limitations would not cause more than a minimal impact on his ability to perform basic work activities and he would not have a severe impairment or combination of impairments. (ECF No. 11, p. 28). The ALJ found Plaintiff's substance abuse was a "contributing factor material to the determination of disability" and Plaintiff therefore was not disabled within the meaning of the Social Security Act. (*Id*. at 32).

## VI. ISSUES

Plaintiff's briefing identifies one primary issue for review: 1) did the ALJ err in finding that Plaintiff's DAA was a contributing factor material to the determination of disability. (ECF No. 15, p. 5-10).

## VII. DISCUSSION

**A. Did the ALJ err in Finding that Plaintiff's substance abuse was a contributing factor material to the determination of disability?**

The ALJ determined that in considering Plaintiff's substance abuse, in combination with his other impairments, that Plaintiff was disabled. The ALJ then correctly proceeded to determine whether Plaintiff's substance abuse was a "contributing factor material" to the determination of disability.

ORDER - 6

In *Bustamante v. Massanari*, 262 F.3d 949 (9th Cir. 2001), the court set forth how a claimant's drug or alcohol abuse was to be evaluated. The ALJ "must first conduct the five-step inquiry without separating out the impact of alcoholism or drug addiction." *Id.* at 955. If the ALJ finds the claimant is not disabled, then the claimant is not entitled to benefits and there is no need to proceed with analysis concerning the drug or alcohol abuse. However, if the ALJ finds the claimant is disabled, and there is medical evidence of drug addiction or alcoholism, then the ALJ must proceed to "determine if the claimant would still be disabled if he stopped using alcohol or drugs." *Id.* at 955. The Ninth Circuit found that it was error for the ALJ to conclude at Step 2 that claimant's emotional conditions "were the product and consequence of his alcohol abuse." *Id.*

The ALJ in the case at bar correctly proceeded through the five-step process. In so doing, she determined that Plaintiff was disabled, considering Plaintiff's substance abuse impairment. However, an individual is not entitled to disability benefits if alcoholism or drug addiction would be a contributing factor material to the Commissioner's determination that the individual is disabled. *Bustamante*, 262 F.3d at 954 <u>citing</u> 42 U.S.C. § 423(d)(2)(c). The ALJ must determine whether claimant's substance abuse, often referred to in Social Security cases as Drug Addiction and Alcoholism (DAA) is a contributing material factor to the disability determination. Social Security Ruling 13-2p entitled, "Evaluating Cases Involving Drug Addiction and Alcoholism(DAA)", effective March 22, 2013, states in part that if a claimant is determined to be disabled, "we must then determine whether the claimant would continue to be disabled if he or she stopped using drugs or alcohol; that is, we will determine whether DAA is "material" to the finding that claimant is disabled." Here, the ALJ followed this procedure by first finding Plaintiff disabled under the initial 5-step inquiry, but then finding that claimant was not disabled because his DAA was a contributing factor material to

ORDER - 7

his disability.

Plaintiff argues this finding was erroneous and not supported by substantial evidence. In arguing the ALJ erred, Plaintiff states: "The burden to prove DAA is not material is not on plaintiff in cases where DAA is a factor to finding disability." (ECF No. 15, p. 5). Plaintiff misstates the law. In fact, the burden of proof is on the Plaintiff. The Ninth Circuit addressed this question in *Parra v. Astrue*, 481 F.3d 742, 745 (9th Cir. 2007), and therein concluded: "we hold that when evidence exists of a claimant's drug or alcohol abuse, the claimant bears the burden of proving that his substance abuse is not a material contributing factor to his disability." The Ninth Circuit's conclusion is in accord with the majority of the Circuits. The Second Circuit, in *Cage v. Commisioner*, 692 F.3d 118 (2nd Cir. 2012), held that "SSI applicants bear the burden of proving that they would be disabled in the absence of DAA". In so doing, the Second Circuit noted that, "with one possible exception, all of the other circuit courts that have considered this question have held that the claimant bears the burden of proving that her DAA is not material to the determination that she is disabled." *Id.* at 123.

There is ample evidence in the record of Plaintiff's substance abuse. In February 2008, Plaintiff presented at the hospital after swallowing 4 methadone pills in a plastic bag. (ECF No. 11, p. 192-195). At a February 2008, psychiatric evaluation, psychiatrist James D. Goodwin found Plaintiff had several moderate and some marked functional mental limitations and diagnosed Plaintiff with depressive disorder. (*Id.* at 277). Goodwin also found that claimant's alcohol or drug abuse "significantly" exacerbated the other diagnosed conditions. (*Id.* at 278). Goodwin further found that Plaintiff would be expected to be impaired for three to six months. (*Id.* at 279). In an office visit with Patrick Carrillo, PhD, in March 2008, Plaintiff reported that he self medicated with alcohol and marijuana and "started meth about 4 years ago". (*Id.* at 312).

ORDER - 8

In August 2008, Plaintiff told a mental health counselor that he had been clean from meth for about 90 days, but had used marijuana within the last month. (*Id.* at 380). A psychiatric review with James Bailey, Ph.D., in October 2008, diagnosed Plaintiff with major depressive disorder and "meth/cannabis dependence early full remission." (*Id.* at 339). Despite reporting remission in October 2008, at a November 14, 2008 appointment with Dr. Desire at Columbia Valley Community Health, Plaintiff reported he had relapsed recently using meth. (*Id.* at 363).

At a psychiatric review in March 2009, Dr. Gardner, Ph.D., diagnosed Plaintiff with a "substance induced mood disorder". (ECF No. 11, p. 246-249). Dr. Gardner further wrote that Plaintiff has a "long hx [history] of meth & marijuana abuse/dependence now causing increased mood disorder. Cl has active DAA issues...". (*Id.* at 258). In June 2010, Dr. Goodwin evaluated Plaintiff again and his report indicates that Plaintiff reported being in remission from substance abuse, and Dr. Goodwin also again indicated that substance abuse "exacerbates" depression symptoms. (*Id.* at 437). Dr. Goodwin also stated that Plaintiff could not work without "full substance recovery". (*Id.* at 438). Further, Dr. Goodwin stated that Plaintiff's "veracity re substance abuse is suspect" and estimated the duration of functional limitations at six to twelve months. (*Id.* at 439).

Dr. Layton, who had not examined or treated Plaintiff, but who reviewed his medical records and testified at the hearing before the ALJ stated that Plaintiff's depression "may be a withdrawal syndrome" from the meth, and that such depression could last for six months after stopping meth. (ECF No. 11, p. 46). He further testified that without the DAA, Plaintiff's mental health diagnosis would be "mild" and "non severe". (*Id.*).

The ALJ's conclusion that Plaintiff's DAA was a contributing factor material to the finding of disability is supported by substantial evidence. Plaintiff

ORDER - 9

had the burden of proving his substance abuse was not a contributing factor material and failed to meet that burden. In fact, not only did Plaintiff fail to present evidence supporting his position, but the evidence of record was to the contrary. Dr. Goodwin found Plaintiff's DAA "significantly" exacerbated his other conditions. Dr. Gardner found that Plaintiff's mood disorder was induced or caused by substance abuse. Dr. Layton testified that without DAA Plaintiff's impairments would be non-severe.

## VIII. CONCLUSION

The ALJ's decision is supported by substantial evidence and contains a correct application of the law. The decision of the Commissioner is affirmed.

**IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 14) is **DENIED**.

2. Defendant's Motion for Summary Judgment (ECF No. 18) is **GRANTED.**

3. The Clerk is directed to enter Judgment dismissing the Complaint and the claims therein with prejudice.

**IT IS SO ORDERED**. The District Court Executive is directed to file this Order, enter Judgment as directed above, and close this file.

DATED this 29th day of July, 2013.

s/ Justin L. Quackenbush<br>JUSTIN L. QUACKENBUSH<br>SENIOR UNITED STATES DISTRICT JUDGE